**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK WILSON; et al., | No.    17-55726 |
| Plaintiffs-Appellants, | D.C. No.<br>2:16-cv-02251-PA-JC |
| v. | |
| FIDELITY MANAGEMENT TRUST<br>COMPANY; et al., | ORDER* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 9, 2018
Pasadena, California

Before:  RAWLINSON, MELLOY,** and HURWITZ, Circuit Judges.

Plaintiffs are participants in the Disney Savings and Investment Plan ("Plan")

who held shares of the Sequoia Fund ("Sequoia"), a mutual fund the Plan offered as

one of many investment options.  In 2010, the Fund invested over $250 million in

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Valeant Pharmaceuticals International, Inc. ("Valeant").  At that time, Sequoia's investment in Valeant represented 7.96% of the Fund's net assets.  By July 2015, due to appreciation of the initial investment and purchases of additional shares, Sequoia's investment in Valeant represented 28.7% of the Fund's net assets.  From August 2015 to November 2015, the price of Valeant stock dropped from $263 a share to $70 a share, causing Sequoia to lose over 20% of its value.

This suit alleges that the Plan fiduciaries violated their "continuing duty . . . to monitor investments and remove imprudent ones" under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104.  *See Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828–29 (2015).  Plaintiffs appeal from the district court's order dismissing their amended complaint and denying leave to amend for futility.  We review the district court's dismissal of a complaint for failure to state a claim de novo.  *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  We also review the denial of leave to amend for futility de novo.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

1.  Citing only publicly available information, Plaintiffs allege that Sequoia's investment in Valeant marked a material shift in its investment strategy from

investing in conservative "value" stocks to investing in risky "growth" stocks.  They allege that this shift was inconsistent with Plan documents and that the Defendants failed to discover or inform Plaintiffs about the shift.  But, as a general matter, allegations based solely on publicly available information that a stock is excessively risky in light of its price do not state a claim for breach of the ERISA duty of prudence.  *See Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014).  Plaintiffs allege nothing more.

2.  Sequoia's investment and concentration in Valeant was facially consistent with the Plan documents.  Indeed, both the Plan's Summary Plan Description and Sequoia's 2015 Prospectus note that Sequoia is "non-diversified" and there are risks associated with Sequoia's investment strategy.  In addition, to the extent that the Plan documents even distinguish between "value" and "growth," we agree with the district court that these words were used simply to "describe [Sequoia's] investments; not to also convey [its] overall investment strategy."  To find otherwise—that the documents' use of these terms imposed material limitations on Sequoia's investment strategy—would require drawing "unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

3.  The district court did not err in denying Plaintiffs a second opportunity to amend their complaint.  Based on the foregoing, it is clear that such efforts would be futile because Plaintiffs' complaint cannot "be saved by any amendment."

3

*Leadsinger*, 512 F.3d at 532 (citation omitted).

**AFFIRMED.**